**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROBERT M. BOURNE, | : | |
|    Plaintiff, | : | |
| | : | CIVIL ACTION NO. 06-0293 |
|      v. | : | |
| | : | |
| LANCASTER COUNTY PRISON, *et al.* | : | |
|    Defendants. | : | |

**MEMORANDUM**

YOHN, J.                                                                                    February 2, 2011

     Plaintiff sued Lancaster County Prison ("LCP"), its warden Vincent Guarini ("Guarini"),

and former LCP Mental Health Counselor Troy Waltz ("Waltz"), under 42 U.S.C. § 1983 and

state law, alleging violations of his constitutional rights while he was incarcerated at LCP. Before

the court is plaintiff's motion to vacate the clerk of court's award of costs to LCP and Waltz. For

the reasons set forth below I will reduce the clerk's award of costs.

**I. Background**[1]

     Plaintiff filed this action *pro se* in January 2006 and was granted leave to proceed *in*

*forma pauperis* on May 22, 2007. After plaintiff filed a complaint and two amendments thereto,

the court dismissed various claims against other defendants by order dated November 19, 2007.

---

     [1]The facts of the case are set out in greater detail in the court's previous memorandum
dated October 27, 2009. *See Bourne v. Lancaster County Prison*, No. 06-0293, 2009 U.S. Dist.
LEXIS 100657, at *1-12 (E.D. Pa. Oct. 27, 2009).

The court then granted plaintiff's motion for appointment of counsel on February 11, 2008, and, after obtaining counsel plaintiff filed his third amended complaint on October 24, 2008, asserting claims against LCP, Guarini and Waltz for violations of plaintiff's constitutional rights and state law. Plaintiff alleged that, while incarcerated at LCP, he was injured when Waltz threw him to the ground without justification; that LCP and Guarini failed to adequately train and supervise LCP employees, including Waltz; and that plaintiff was denied sufficient outdoor exercise.

On October 27, 2009, I granted defendants' motion for summary judgment in part and dismissed LCP and Guarini as parties, allowing plaintiff to continue to pursue only his claims against Waltz arising from the alleged assault. *See Bourne*, 2009 U.S. Dist. LEXIS 100657, at *40. After a trial, the jury found that Waltz did not use excessive force or commit an assault or battery, and the court entered judgment in his favor on all counts.

LCP and Waltz then requested costs totaling $4,585.67[2] under Fed. R. Civ. P. 54(d)(1) (Defs.' Bill of Costs 2), which plaintiff opposed. The clerk denied costs of $151.00 for courier services and lost income by a witness, and awarded the remaining costs of $4,434.67 on July 9, 2010. (Clerk's Taxation of Costs 2-3, 13.) Plaintiff has moved to vacate the clerk's taxation of costs or reduce the amount awarded.


**II. Standard of Review**

The taxation of costs by the clerk of court is subject to *de novo* review by the district

---

[2]In their original bill of costs, LCP and Waltz claimed $4,585.47, including $200.00 for witness expenses. In their response to plaintiff's opposition, however, they claimed $200.20 for witness expenses, of which the clerk awarded $130.20. (*See* Defs.' Bill of Costs 2; Defs.' Resp. to Pl.'s Opp'n to Defs.' Bill of Costs 4; Clerk's Taxation of Costs 13.)

court. *Reger v. Nemours Found., Inc.*, 599 F.3d 285, 288 (3d Cir. 2010).

Rule 54(d) declares that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."[3] Fed. R. Civ. P. 54(d)(1). Rule 54(d) creates a "'strong presumption' that costs are to be awarded to the prevailing party." *Reger*, 599 F.3d at 288 (quoting *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 461 (3d Cir. 2000)). "The losing party, therefore, bears the burden of showing why costs should not be taxed against it." *Adams v. Teamsters Local 115*, 678 F. Supp. 2d 314, 324 (E.D. Pa. 2007).

Ultimately, the district court has the discretion to award or deny costs. *See In re Paoli*, 221 F.3d at 458. However, "to overcome the presumption favoring the prevailing party and to deny that party costs, a district court must support that determination with an explanation." *Id.* at 462 (internal quotation marks omitted). "Only if the losing party can introduce evidence, and the district court can articulate reasons within the bounds of its equitable power, should costs be reduced or denied to the prevailing party." *Id.* at 468.

---

[3]The court may assess the following costs:
 (1) Fees of the clerk and marshal;
 (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
 (3) Fees and disbursements for printing and witnesses;
 (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
 (5) Docket fees under section 1923 of this title;
 (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
28 U.S.C. § 1920.

A court may decline to award costs under Rule 54(d) if such an award would be inequitable. *Smith v. Southeastern Pa. Transp. Auth.*, 47 F.3d 97, 99 (3d Cir. 1995). In making this determination, the court may consider "(1) the prevailing party's unclean hands, bad faith, dilatory tactics, or failures to comply with process during the course of the instant litigation or the costs award proceedings; and (2) each of the losing parties' potential indigency or inability to pay the full measure of a costs award levied against them." *Reger*, 599 F.3d at 288 n.3 (quoting *In re Paoli*, 221 F.2d at 468). "[T]he losing party bears the burden of making the showing that an award is inequitable under the circumstances." *In re Paoli*, 221 F.3d at 462-63.

## III. Discussion

Plaintiff argues that (1) the award of costs should be vacated or reduced because he is indigent and unable to pay; and (2) specific costs awarded by the clerk of court are not authorized by 28 U.S.C. § 1920, namely, the cost of (i) the transcripts of the second depositions of Waltz and Guarini; (ii) the document camera, projector, and screen used at trial; (iii) plaintiff's records from two correctional facilities that housed plaintiff after LCP; and (iv) expedited service for those records and for Waltz's and Guarini's second depositions. (Pl.'s Mot. to Vacate the Clerk's Taxation of Costs ("Pl.'s Mot.") 3-10.) I will reduce the award of costs because of plaintiff's indigence.[4]

"[I]f a losing party is indigent or unable to pay the full measure of costs, a district court may, but need not automatically, exempt the losing party from paying costs." *In re Paoli*, 221

---

[4]There is no dispute that LCP and Waltz are the prevailing parties.

F.3d at 464. And a court may assess costs even against a plaintiff permitted to proceed *in forma pauperis*. *Smith*, 47 F.3d at 100.

Plaintiff has sworn, by affidavit, that he has no bank account; that he had only $5 remaining in his inmate account when he left LCP, which was given to him by his sister; that he does not have any other assets; that his sister pays his rent, provides him with food and basic necessities, and is his only source of financial support; and that both his parole officer and his psychiatrist insist that he not work.[5] (Pl.'s Mot. Ex. A ("Pl.'s Aff.") ¶¶ 2-10, 23). Plaintiff's sister has confirmed by affidavit that plaintiff has no assets or means to support himself, and that she is his sole source of support. (Pl.'s Mot. Ex. B ¶¶ 3-5, 7.)[6]

In response, LCP and Waltz do not dispute plaintiff's indigence. Rather, they argue that the court is not permitted to consider plaintiff's financial status in determining the appropriate award of costs. (Defs.' Resp. in Opp'n to Pl.'s Mot. 1.) They cite *Reger* in support of this argument, but they misread that case. *Reger* makes clear that, although a district court may not consider the disparity in the parties' financial resources, a district court may consider the non-prevailing party's indigence and inability to pay. *See Reger*, 599 F.3d at 288 n.3.

LCP and Waltz do not dispute the facts averred by plaintiff and his sister in their

---

[5]Plaintiff states that he has been instructed not to work because of his ongoing mental-health issues. (Pl.'s Mot. 5.) According to plaintiff's affidavit, as of April 9, 2010, he had been prescribed ten different medications by his psychiatrist. (Pl.'s Aff. ¶ 14.)

[6]As of April 9, 2010, plaintiff intended to apply for social security benefits but did not believe he would receive any benefits for nine months to two years. (Pl.'s Aff. ¶ 20.) He also intended to apply for medical insurance, welfare, and Supplemental Nutrition Assistance Program benefits. (*Id.* at ¶¶ 19, 21-22.) It is unlikely that the outcome of these applications would significantly affect plaintiff's ability to pay costs, although it might lessen the financial burden on plaintiff's sister. And, in any case, LCP and Waltz do not dispute plaintiff's poor financial status.

affidavits, nor do they offer any evidence to the contrary. As plaintiff's financial status is not in dispute, and in the absence of any apparent reason to doubt the veracity of plaintiff's and his sister's affidavits, I accept that plaintiff has virtually no assets and is unable to work. In light of plaintiff's lack of resources and the evident unlikelihood that plaintiff could meet the burden of fully paying the costs, I will reduce the award of costs. However, because of the strong presumption that the prevailing parties are entitled to costs, and the possibility that plaintiff may receive income or benefits in the future, I will award costs of $500.

The costs that plaintiff specifically challenges as unauthorized by section 1920 amount to $1,706.70. The remaining, undisputed costs total $2,727.97. Because these undisputed costs are greater than the amount I find plaintiff can afford, I need not address these objections.

## IV.  Conclusion

Because there is no factual dispute with regard to plaintiff's financial status and because I have the discretion to consider his indigence and inability to pay, I will reduce the award of costs to $500.  An appropriate order follows.